IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

RICHARD  FIGUEROA MORALES

XXX-XX-4782

                    Debtor(s)

CASE NO. 10-02531 BKT

Chapter 13

**FILED & ENTERED ON 08/23/2011**

OPINION AND ORDER

This contested matter is before the court upon Debtor's objection to claim #9 [Dkt. No. 45] filed by RICHARD FIGUEROA MORALES ("Debtor"), Creditor's Answer to Objection to Claim 9 [Dkt. No. 51] filed by OPERATING PARTNERS CO., INC. ("Creditor") and debtor's reply to Creditor's answer to debtor's objection to claim [Dkt. No.57].

**I. Procedural Background**

On October 15, 2010, Creditor filed Proof of Claim Number 9 as a secured claim in the amount of $8,925.00 for attorney's fees in connection with a September 1, 2009 default judgment in the Commonwealth of Puerto Rico, Superior Court in Arecibo. On January 25, 2011, Debtor filed the instant Objection to Proof of Claim against Creditor alleging that the attorney's fees stated are excessive and unreasonable and therefore not owed.

Debtor alludes to the "equitable principles in the administration of bankruptcy proceedings" to impugn the reasonableness of the attorney's fees awarded to Creditor in the state court judgment while arguing that it is

impossible that the matter required such exorbitant attorney's fees given that the judgment was rendered on default and no litigation actually took place. Debtor further alleges that the requirements of Bankruptcy Rule 3001(d) are not met in that Creditor failed to detail the billable hours worked and thus prove that their claim is a perfected security.

Creditor argues that the Arecibo Court's determination with respect to the prepetition attorney's fees is binding on the Bankruptcy Court since the foreclosure judgment delivered by the state court has a preclusive effect. For the reasons set forth below, the Objection to the Proof of Claim filed by the debtor is DENIED.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

**II. Applicable Law & Discussion**

*A. Claim preclusion*

The issue before this court relates to the preclusive effect, if any, of a prepetition state court judgment rendered on default. All federal courts must give preclusive effect to a state court judgment when the courts of the state from which the judgment was rendered would do so. Judicial judgments shall be given the same full faith and credit in every court within the United States and its territories and possessions as they have by law or usage in the courts of such state, territory or possession from which they are taken. 28 U.S.C.S. § 1738. For this reason, the preclusive effect of a state court judgment in a federal proceeding depends on the state's own law. Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000).

Under Puerto Rico law, it has been established that the party asserting claim preclusion or *res judicata* must establish: (1) the existence of a prior judgment on the merits which is "final and unappealable,"; (2) the perfect

identity of thing or cause, and (3) the perfect identity of parties and the capacity in which they acted. Boateng v. Interamerican University, Inc., 210 F.3d 56 (1st Cir. 2000).  Creditor argues that all these factors are present in the case at bar, that *res judicata* therefore applies to the Commonwealth court's default judgment, and that consequently, the objection raised by Debtor regarding the attorney's fees must be denied. We agree.

To determine whether claim preclusion is appropriate, each element of the claim preclusion doctrine must be analyzed with reference to the facts of every particular case. The element of "party identity" does not merit much discussion because it is clearly the same two parties. As to identity of the cause of action, the court must consider whether the debtor's counterclaims herein should have been raised as counterclaims in the foreclosure proceeding. In Neca Mtg. Corp. v. A & W Developers S.E., 137 D.P.R. 860, 867, 1995 Juris P.R. No. 10, 1995 WL 905586 (1995), the Puerto Rico Supreme Court held that if a defendant fails to file a compulsory counterclaim, said cause of action is waived and the facts and claims that constitute said cause of action are deemed adjudicated by the ensuing judgment, barring the defendant from later initiating a claim based on the same events. In those circumstances, the court held that the doctrine of *res judicata* would apply in connection with the issues that could have been raised in the counterclaim but were not. *Id*. Rule 11.1 of Puerto Rico's Rules of Civil Procedure defines compulsory counterclaims as those that arise out of the same act, omission or event that motivated the complaint filed by the adverse party. 31 P.R. Stat. Ann., Ap. III

The last element necessary to establish claim preclusion, the existence of a "prior final judgment on the merits," may raise certain doubts with regards to judgments rendered on default. Creditor relies on a case from the Bankruptcy Court for the District of Massachusetts which considered this issue and held:

> "While this element requires slightly more attention, it is no more of an obstacle than the other elements of claim preclusion. The Supreme Judicial Court of Massachusetts has unequivocally held that even a default judgment is entitled to finality. See MacEachern v. S.S. White Dental Mfg. Co., 304 Mass. 419, 23 N.E.2d

1020 (1939) (stating that when a defendant to an action has a full and fair opportunity to defend its position in a court having jurisdiction, and sufficient notice has been provided, the defendant should not be permitted to raise defenses in a subsequent proceeding that could have, or should have, been raised in the first instance); see also Riehle v. Margolies, 279 U.S. 218, 225, 49 S. Ct. 310, 313, 73 L. Ed. 669 (1929) ("[a] judgment of a court having jurisdiction of the parties and of the subject-matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default."); SMA Life Assurance Co. v. Sanchez-Pica, 960 F.2d 274, 275 (1st Cir. 1994), cert. denied, 506 U.S. 872, 113 S. Ct. 207, 121 L. Ed. 2d 147 (1992); Carteret Sav. & Loan Assn. v. Jackson, 812 F.2d 36, 38 (1st Cir. 1987); Koziol v. H. P. Hood, Inc. (In re Koziol), 18 B.R. 1014, 1017 n. 2 (1982)(stating that "[a] default judgment is nevertheless a final judgment, since the defaulted party has lost the right to appear or defend." (citations omitted)). **Adopting a view that a default judgment is anything other than final would undermine the utility of such a judgment and reward those who chose to ignore judicial proceedings**. See, Carteret Sav. & Loan 812 F.2d at 38 (stating that if a default judgment were not considered final it "would be of uncertain value, and represent simply one step toward resolving the dispute between the parties…the judgment creditor would remain faced with a prospect of [future] litigation")." In re Brennan, 275 B.R. 172 (Bankr. D. Mass. 2002) emphasis ours.

In *Brennan*, the court concluded its opinion by pointing out that "The Debtor, with full knowledge of the state court proceeding, allowed a default to enter against him despite his participation as a witness in the case. The Debtor has not attempted to challenge the personal or subject matter jurisdiction of the Massachusetts Superior Court, nor has he alleged fraud in the procurement of the default judgment. Rather, in an effort to collaterally attack that judgment, the Debtor has raised defenses that would have been, and should have been, properly submitted in the state court action." Id.

In *In re Garcia,* 340 B.R. 680 (Bnkr. D.P.R. 2006), the Bankruptcy Court for the district of Puerto Rico decided a very similar issue to the one presented to this court and concluded that a foreclosure judgment rendered on default by the Superior Court of the Commonwealth of Puerto Rico is *res judicata* to any TILA claims that the debtor may raise in a succeeding bankruptcy case. The court used the decision set forth in Albano v. Norwest Financial Hawaii, Inc., 244 F.3d 1061, 1063 (9th Cir. 2001) as part of their analysis and pointed out the following:

"In that case, the borrowers defaulted on a refinanced mortgage loan, and the lender brought a foreclosure action against them in state court. The borrowers did not appear and the state court entered a default judgment against them, which the borrowers did not appeal. Subsequently, the borrowers sought to rescind the loan transactions, alleging TILA violations, ultimately bringing an action against the bank in federal court. The district court entered summary judgment in favor of the lender, finding that the TILA claims should have been raised in the state court foreclosure proceeding. The court of appeals affirmed, concluding that the elements of *res judicata* were met; namely, there was a final state court judgment, which was not appealed, and in which the borrowers had an opportunity to participate; the borrowers and the lender were both parties to the state court foreclosure proceeding; and there was identity of issues because the TILA claims arose out of the same loan transaction as appellee's suit and as such was a recoupment defense to diminish plaintiff's recovery." R-G Fin. Corp. v. Garcia (In re Garcia), 340 B.R. 680, 688 (Bnkr. D.P.R. 2006)

The court explained that a default judgment was entered against the debtor in a foreclosure action which he did not appeal. Debtor then looked to rescind a mortgage loan agreement for noncompliance with statutory loan disclosure requirements in his bankruptcy case. The court concluded that *res judicata* precluded the debtor's relitigation of the validity of the loan debt since the debtor's nondisclosure claims were compulsory counterclaims which the debtor waived by not raising the claims in the foreclosure action. Id. at 688

The controversy at hand contains all three elements needed for the claim preclusion doctrine to apply. The parties in both actions are the same; the claim for attorney's fees brought to this court is based on a prior state foreclosure proceeding; and that judgment became final after the debtor decided not to defend his position in the state court and/or the appellate court. The debtor had a full and fair opportunity to defend his position. By not doing so, he is now barred by the principles of claim preclusion from requesting to this court a revision of the attorney fees adjudicated in the state foreclosure proceedings.

*B. Rooker Feldman Doctrine*

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

The doctrine applies where plaintiff explicitly seeks review of a state court judgment and also where review is implicitly sought. See <u>Federacion de Maestros v. Junta de Relaciones del Trabajo</u> 410 F. 3d 17, 24 (1st Cir. 2005). The debtor lost in the state foreclosure proceeding and never appealed any aspect of the state court determination; he now comes to the federal court alleging injuries as a result of the "unjustified" attorney fees adjudicated against him in the ruling. Judgment was entered on September 2009, long before this case was filed. To the extent debtor requests the federal court to review an aspect of the state court's ruling, his claim is barred by the Rooker-Feldman doctrine.

**III. Conclusion**

In view of the foregoing, the court finds that the issue concerning the attorney fees in the state foreclosure case was adjudicated and may not be reviewed by this court. For all the foregoing reasons, the Debtor's objection to Creditor's Proof of Claim Number 9 is hereby DENIED.

**IT IS SO ORDERED.**

**San Juan, Puerto Rico this 23 day of August, 2011.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**

**CC:     DEBTOR(S)**
**EDGARDO  MANGUAL GONZALEZ**
**ALEJANDRO  OLIVERAS RIVERA**